FILED
 2009 Jun-30  AM 10:32
U.S. DISTRICT COURT
    N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARCUS HUDSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No: CV 09-S-0777-S ) |
| JUDGE MALCOLM B. STREET, JR. and DISTRICT ATTORNEY CHRISTOPHER M. McINTYRE, | ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on June 1, 2009, recommending that this action, filed pursuant to 42 U.S.C. § 1983, be dismissed under 28 U.S.C. § 1915A(b).  The plaintiff filed objections to the report and recommendation on June 16, 2009, and attached a "Motion for Leave to Amend." (Doc. no. 7).

In his motion to amend, the plaintiff seeks to add a new claim and a new defendant.  The plaintiff complains that the Circuit Clerk Ted Hooks failed to file his Rule 32 petition when it was received, which resulted in the district attorney claiming that the plaintiff's filing was untimely.  The plaintiff has not included any facts to support this claim.

It is well settled that motions to amend are addressed to the sound discretion of the trial judge. *See, e. g., Gramegna v. Johnson*, 846 F.2d 675, 678 (11th Cir. 1988); *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984). While that discretion is tempered by FED. R. CIV. P. 15(a)'s proviso that "leave shall be freely given when justice so requires," it is clear that "there is no obligation to allow amendment if to do so would be futile." *Laborers Local 938 Joint Health and Welfare Trust v. B. R. Starnes Co.*, 827 F.2d 1454, 1456 (11th Cir. 1987) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)). Furthermore, where "the allegations contained in plaintiff's motion to amend are vague, conclusory, and unsupported by any facts" it is inappropriate to grant the motion. *Lee X v. Casey*, 771 F. Supp. 725, 733 (E.D. Va. 1991). Because plaintiff has failed to state a claim upon which relief can be granted his motion to amend his complaint is due to be DENIED.

In objecting to the report and recommendation, the plaintiff merely revisits the claims made in his original complaint, all of which were adequately addressed by the magistrate judge in the report and recommendation. The plaintiff is clearly frustrated with the rulings of the state court, but his appeal must be made to the state court, not to this court.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court

is of the opinion that the magistrate judge's report is due to be, and it hereby is, ADOPTED, and the recommendation is ACCEPTED. Accordingly, the complaint is due to be dismissed pursuant to 28 U.S.C. § 1915A(b). A Final Judgment will be entered.

DONE this 30th day of June, 2009.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE